UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

| | |
|---|---|
| IN RE: | MDL No. 2859 |
| ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION | 18-MD-2859 (PAC)<br>18-MC-2859 (PAC)<br>**SHORT FORM COMPLAINT** |
| *This Document Relates to All Actions*<br><br>*Patricia S. Mather v. Zimmer, Inc., Zimmer US, Inc., Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc.* | **Individual Case No. 1:21-cv-07620** |

---------------------------------------------------------------------x

1. Plaintiff(s), Patricia S. Mather, state(s) and bring(s) this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff(s) is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, Patricia S. Mather, is a resident and citizen of the State of Connecticut and claims damages as set forth below.

4. ~~Plaintiff's Spouse,~~ _____, ~~is a resident and citizen of the State of~~ _____, ~~and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*~~

5. Venue of this case is appropriate in the United States District Court,-District of Connecticut. Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, District of Connecticut. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6. Plaintiff brings this action *[check the applicable designation]*:

    __X__    On behalf of himself/herself;

    _____    ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

<u>ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*</u>

7. Plaintiff was implanted with a Versys Femoral Head in his/her right hip on or about <u>October 9, 2013</u> (date), at the <u>Saint Francis Hospital and Medical Center, 114 Woodland Street</u> (medical center and address), in <u>Hartford, Connecticut</u>, by Dr. <u>Steven Schutzer</u>.

8. Plaintiff was implanted with the following femoral stem during the <u>October 9, 2013</u> (date) implantation surgery:

    __X__    Zimmer M/L Taper

    _____    Zimmer M/L Taper with Kinectiv Technology

9. Plaintiff had the following right hip components explanted on or about <u>August 8, 2019</u> (date), at <u>Saint Francis Hospital and Medical Center, 114 Woodland Street, Hartford, Connecticut 06105</u> (medical center and address) by Dr. <u>Steven Schutzer</u>.:

   <u> X </u>    Versys femoral head

  <u>      </u>    Zimmer M/L Taper

  <u>      </u>    Zimmer M/L Taper with Kinectiv Technology

[*Cross out if not applicable.*]

10. ~~Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

[*Cross out if not applicable.*]

11. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.~~ [*Cross out if not applicable.*]

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE*]

12. ~~Plaintiff was implanted with a Versys Femoral Head in his/her left hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~

13. ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

    ~~_____ Zimmer M/L Taper~~

    ~~_____ Zimmer M/L Taper with Kinectiv Technology~~

14. ~~Plaintiff had the following left hip components explanted on or about _____, at _____ (medical center and address) by Dr. _____.:~~

    ~~_____ Versys femoral head~~

3

~~_____ Zimmer M/L Taper~~

~~_____ Zimmer M/L Taper with Kinectiv Technology~~

~~15. Plaintiff will have the left hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~
~~[Cross out if not applicable.]~~

~~16. Plaintiff has not yet scheduled a surgery for explantation of the left hip components at issue.~~ *[Cross out if not applicable.]*

## ALLEGATIONS AS TO INJURIES

17. (a) Plaintiff claims damages as a result of (check all that are applicable):

__X__ INJURY TO HERSELF/HIMSELF

_____ INJURY TO THE PERSON REPRESENTED

_____ WRONGFUL DEATH

_____ SURVIVORSHIP ACTION

__X__ ECONOMIC LOSS

(b) ~~Plaintiff's spouse claims damages as a result of (check all that are applicable):~~ *[Cross out if not applicable.]*

_____ LOSS OF SERVICES

_____ LOSS OF CONSORTIUM

18. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue

4

manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein. *[Cross out if not applicable.]*

20. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

21. Due to the nature of the defect, Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff(s).

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

22. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

| | |
|---|---|
| __X__ | COUNT I - NEGLIGENCE; |
| __X__ | COUNT II - NEGLIGENCE PER SE; |
| __X__ | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| __X__ | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |
| __X__ | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| __X__ | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| __X__ | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| __X__ | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| __X__ | COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS |

| | |
|---|---|
| __X__ | COUNT X – NEGLIGENT MISREPRESENTATION |
| __X__ | COUNT XI – FRAUDULENT CONCEALMENT |
| __X__ | COUNT XII – UNJUST ENRICHMENT |
| ____ | COUNT XIII – LOSS OF CONSORTIUM |
| ____ | COUNT XIV – WRONGFUL DEATH |
| ____ | COUNT XV – SURVIVAL ACTION |

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

| | | |
|---|---|---|
| __X__ | PUNITIVES DAMAGES | |
| __X__ | OTHER: | Conn. Gen. Stat. § 42-110a *et seq.* |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;
2. For all applicable statutory damages of the state whose laws will govern this action;
3. For an award of attorneys' fees and costs;
4. For prejudgment interest and costs of suit;
5. Exemplary damages;
6. For restitution and disgorgement of profits; and,

6

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Respectfully submitted,
**WEITZ & LUXENBERG, P.C.**
*Counsel for Plaintiffs*

Date: September 13, 2021      By:    /s/ Ellen Relkin
                                     Ellen Relkin
                                     700 Broadway
                                     New York, NY 10003
                                     Phone: (212) 558-5500
                                     Fax:   (212) 344-5461
                                     Email: erelkin@weitzlux.com